**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 24 2013, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**CATHERINE S. CHRISTOFF**
Fort Wayne, Indiana

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**DAVID E. COREY**
Deputy Attorney General
Indianapolis, Indiana

**ROBERT J. HENKE**
Indiana Department of Child Services
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF A.S.G., A.M.G., S.T.B., and A.G.B., )
Children Alleged to be Children in Need of Services, )
                                                )
B.G., Mother, and S.B., Father, )
                                                )
    Appellants-Respondents, )
                                                )
        vs. )     No. 02A03-1304-JC-158
                                                )
INDIANA DEPARTMENT OF CHILD SERVICES, )
                                                )
    Appellee-Petitioner. )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
The Honorable Thomas P. Boyer, Magistrate
Cause Nos. 02D08-1210-JC-446, 02D08-1210-JC-447,
02D08-1210-JC-448 and 02D08-1210-JC-449

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

S.B. ("Father") and B.G. ("Mother") (collectively "Parents") appeal the trial court's order determining A.S.G., A.M.G., S.T.B., and A.G.B. to be children in need of services ("CHINS"). Parents present a single issue for our review, namely, whether the trial court erred when it admitted into evidence videotaped statements by A.S.G. and A.M.G.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Mother has four children, A.S.G., born June 24, 2007; A.M.G., born August 22, 2008; S.T.B., born October 6, 2010; and A.G.B., born October 20, 2011 (collectively "the children"). Father is the father of S.T.B. and A.G.B. The father of A.S.G. and A.M.G. is not participating in this appeal. Following reports that Mother and Father were abusing the children, and following a preliminary inquiry hearing on October 11, 2012, the trial court found probable cause to believe that the children were CHINS and authorized the Allen County Department of Child Services ("DCS") to file its CHINS petitions. DCS placed the children in foster care.

On November 5, DCS filed its amended verified petition alleging that the children were CHINS. In particular, DCS alleged that Father had molested A.S.G. and A.M.G. and that both Mother and Father used a belt "to inflict physical discipline on all of the children." Appellee's App. at 6. On November 15, the trial court held an initial hearing on the CHINS petitions, and the parents admitted to certain allegations and denied others. The trial court set a factfinding hearing for February 19, 2013.

2

On February 13, DCS faxed to parents' attorneys its Petition for Hearing to Introduce Child's Statement/Videotape, which set out the statutory requirements of Indiana Code Sections 31-34-13-2 through -4, as well as the nature of the statements contained in the videotape to be introduced at the factfinding hearing. In particular, the Petition stated as follows:

(a) The child [A.M.G.] stated to Jacob Lester (counselor, [case manager], Police, etc.), the following:

i) [Father] touched her between her legs.

(b) The child [A.S.G.] stated to Julie DeJesus, forensic interviewer at the Bill Lewis Center for Child Advocacy the following:

i) all children in the home getting "whooped" with a belt by both [Mother] and [Father].

ii) being touched on her "coochie."

(c) The child [A.M.G.] stated to Julie DeJesus, forensic interviewer at the Bill Lewis Center for Child Advocacy the following:

i) all children in the home getting "whooped" with a belt by both [Mother] and [Father].

ii) being touched on her "coochie" by [Father] with his hand three different times. One time on the inside of her "coochie" and the other two times on the outside of her "coochie."

iii) that [A.M.G.] has a secret with her Mommy and that the secret was that she was not supposed to talk about her "coochie."

Appellee's App. at 20.

At the beginning of the factfinding hearing on February 19, Parents' attorneys objected to the admission into evidence of the videotaped statements of A.S.G. and A.M.G. for DCS's failure to comply with Indiana Code Section 31-34-13-4, which

3

requires that DCS give parents notice of its intention to use a child's videotaped statements as evidence at least seven days prior to a proceeding. The trial court overruled that objection and proceeded with the factfinding hearing. After taking the matter under advisement, the trial court adjudicated the children to be CHINS. This appeal ensued.

## DISCUSSION AND DECISION

Indiana Code Section 31-34-13-2 provides in relevant part that a statement or videotape that is made by a child who at the time of the statement or videotape is less than fourteen years of age, concerns an act that is a material element in determining whether a child is a CHINS, and is not otherwise admissible in evidence under statute or court rule, is admissible in evidence in a CHINS action if the requirements of Indiana Code Section 31-34-13-3 are met.[1] And Indiana Code Section 31-34-13-4 provides:

> A statement or videotape may not be admitted in evidence under this chapter unless the attorney for the department informs the parties of:
>
> > (1) an intention to introduce the statement or videotape in evidence; and
> >
> > (2) the content of the statement or videotape;
>
> at least seven (7) days before the proceedings to give the parties a fair opportunity to prepare a response to the statement or videotape before the proceeding.

Here, the evidence shows that DCS faxed its petition to introduce into evidence the children's videotaped statements six days prior to the CHINS hearing instead of seven days prior. Accordingly, at the beginning of the factfinding hearing, Parents' attorneys objected to the admission of the videotaped statements.

---

[1] Parents do not dispute that the requirements of Indiana Code Section 31-34-13-3 are satisfied here.

4

Parents suggest that they were denied due process as a result of DCS' untimely notice. A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Hite v. Vanderburgh Co. OFC, 845 N.E.2d 175, 180 (Ind. Ct. App. 2006). Procedural irregularities in a CHINS proceeding may be of such import that they deprive a parent of procedural due process with respect to a potential subsequent termination of parental rights. In re J.Q., 836 N.E.2d 961, 966 (Ind. Ct. App. 2005).

Parents' sole contention on this issue is that they were prejudiced by the trial court's admission into evidence of the videotaped statements. But Parents do not make any cogent argument suggesting that they were denied a fair hearing or the opportunity to be heard in a meaningful manner. Parents merely contend that DCS' failure to timely file its notice of intent to introduce the videotaped statements into evidence requires reversal as a matter of law. But it is well settled that error in the admission or exclusion of evidence will not result in reversal on appeal "unless refusal to take such action appears to the court inconsistent with substantial justice." Ind. Trial Rule 61.

Parents have failed to allege or demonstrate that they were harmed in their efforts to prepare for the factfinding hearing when DCS filed its notice of its petition one day after such notice was due. First, as the trial court found, DCS provided copies of the Intake Officer's Report of Preliminary Inquiry and Investigation ("the Report") to Parents on October 30, 2012. The Report detailed the content of the statements A.S.G. and A.M.G. gave during the videotaped interviews. Further, on January 14, 2013, DCS filed its final witness and exhibit list, which listed the videotaped interviews as exhibits to be

introduced at the hearing. Parents made no effort to obtain those recordings for review through discovery prior to the factfinding hearing. And, importantly, Parents did not seek a continuance of the factfinding hearing.

DCS' statutory violation in this case is akin to a discovery violation. And in the context of discovery violations, a continuance is the usual remedy; "[e]xclusion of the evidence is an extreme remedy and is to be used only if the State's actions were deliberate and the conduct prevented a fair trial." Berry v. State, 715 N.E.2d 864, 866 (Ind. 1999). Here, there is no suggestion that DCS' actions were deliberate or that they prevented a fair hearing. Parents make no argument regarding what they would have gained by an additional day of notice, and they did not feel so prejudiced by the one day deficiency that they moved for a continuance. Indeed, because they had notice of the content of the videotaped statements and an opportunity to obtain copies of those statements through discovery months before the factfinding hearing, under these facts and circumstances, we hold that Parents were not denied a fair hearing, and that the trial court's admission of the evidence is not inconsistent with substantial justice.

Affirmed.

MATHIAS, J., and BROWN, J., concur.